UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br> )<br>v.  )<br> )<br>(1) MICHAEL L. BABICH  )<br>(2) ALEC BURLAKOFF  )<br>(3) MICHAEL J. GURRY  )<br>(4) RICHARD M. SIMON  )<br>(5) SUNRISE LEE  )<br>(6) JOSEPH A. ROWAN  )<br> )<br>      Defendants.   )<br>                     ) | Criminal No. 16-10343-ADB |

## [PROPOSED] PROTECTIVE ORDER

Upon consideration of the Government's Motion for a Protective Order in connection with documents and information disclosed to the Defendants in this case, it is hereby:

**ORDERED** that for purposes of this Order, the term "Confidential Discovery Materials" means documents containing: (1) individually identifiable health information as defined in 45 C.F.R. § 160.103; (2) financial information concerning any of the defendants; (3) financial information concerning any other individuals in any way involved in this case; or (4) personal private information protected under Rule 5.2 of the Federal Rules of Civil Procedure.[1]

**ORDERED** that the producing party shall designate which document productions contain Confidential Discovery Materials in accordance with the definition above.

---

[1] While Rule 49.1 of the Federal Rules of Criminal Procedure, rather than Rule 5.2 of the Federal Rules of Civil Procedure, governs the redaction of personal private information in criminal proceedings, the Court finds that the narrower categories in the civil rule are more appropriate in the context of a protective order.

**ORDERED** that in the event counsel of record contend that any document or information produced pursuant to this Order should not be covered thereunder, counsel shall notify the producing party in writing of the document or information and state the reasons why the document or information should not be covered by the Order. If the parties are unable to reach agreement, counsel of record may file a motion for relief from this Order as to the document or information at issue.

**ORDERED** that all defense counsel of record shall keep the Confidential Discovery Materials strictly confidential and shall not disclose information contained therein to any person other than to the patient himself or herself (in the case of individually identifiable health information); to the Defendants, defense counsel of record, and agents of defense counsel, that is, those employed by defense counsel and any other persons retained and/or consulted by defense counsel for the purpose of assisting in the legal defense of this case; to medical personnel who were involved in the patient's care and who may be witnesses and their attorneys; and to potential witnesses.

**ORDERED** that such information shall be used only for purposes of this litigation including as necessary during discovery, motion practice and preparation for trial, and unless a court orders otherwise for good cause shown;

**FURTHER ORDERED** that as to all persons who are provided access to information in the Confidential Discovery Materials, as authorized by this Order, in connection with the preparation and defense of this matter, all defense counsel of record shall advise each of these persons of the privacy and confidentiality of such information and his or her obligation not to disclose the information, and require such person to sign a copy of this Order to affirm his or her understanding of such person's obligation not to disclose the information before such

information is disclosed, except that a signed copy of this Order will be deemed to apply to any support or administrative staff working under the direction and supervision of the signer, and no signed Order need be obtained from a treating health care professional (as to their own current and former patients) and/or patients (about their own treatment);

**FURTHER ORDERED** that counsel of record shall maintain all copies of this Order that have been signed under the preceding provision until the conclusion of this litigation, including all appeals;

**FURTHER ORDERED** that no person, including a defendant, who receives Confidential Discovery Materials from the defense counsel of record is permitted to further disseminate or further disclose any such materials, or information in them, for any purpose;

**FURTHER ORDERED** that this Order shall not be construed to limit or otherwise require the parties to seek leave of Court prior to filing with the Court any information protected by this Order, subject to the Court's local rules regarding the redaction of personal identifying information;  and,

**FURTHER ORDERED** that at the conclusion of this litigation, including all appeals, all Confidential Discovery Materials shall be returned to the United States Attorney's Office, or destroyed at the direction of the United States Attorney's Office.

SO ORDERED, this __ day of        , 2017.

_____
THE HONORABLE JENNIFER C. BOAL
CHIEF UNITED STATES MAGISTRATE JUDGE

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I have read the protective order entered in *United States v. Babich, et al.,* Criminal No. 16-10343-ADB, and/or have had the terms of the protective order explained to me. I agree that the order applies to me and that I am bound by, and will comply with, its terms.

_____
NAME

_____
DATE