UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 16-10343-ADB |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL L. BABICH, ET. Al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE ADMISSION OF
SELF-SERVING HEARSAY WITHOUT EXCEPTION**

The United States of America, by its attorney, Andrew E. Lelling, United States Attorney for the District of Massachusetts, and the undersigned Assistant United States Attorneys, respectfully moves to preclude any defendant from admitting self-serving hearsay, without an exception, in the form of emails and corporate records containing any such statements.

It is well-settled that a defendant cannot introduce his own recorded statements into evidence.  See United States v. Cianci, 378 F.3d 71, 106 (1st Cir. 2004) (affirming exclusion of defendant's own taped statement as a "self-serving attempt[] to cover tracks already made").  As the First Circuit has explained, "[t]he requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them."  United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985).

To avoid tainting the jury, should a defendant desire to introduce any such email or document, he or she should be required to make an offering, in advance and outside the presence of the jury, to support an exception to the rule against admission of self-serving hearsay. Because the government has not yet received any defense exhibits, it cannot cite any exhibits

with specificity.  Nevertheless, it is settled that self-serving hearsay is inadmissible without an exception, and the Court should so hold.

WHEREFORE, the United States respectfully requests the Court preclude the admission by any defendant of self-serving hearsay without an exception, and requests the Court order the defendants to seek leave from the court, sufficiently in advance and outside the presence of the jury, to admit any self-serving hearsay purportedly within an exception.

|  |  |  |
|---|---|---|
|  |  | ANDREW E. LELLING<br>United States Attorney |
| Dated: December 5, 2018 | By: | /s/ *David G. Lazarus*<br>K. NATHANIEL YEAGER (BBO # 630992)<br>DAVID G. LAZARUS  (BBO #624907 )<br>FRED WYSHAK, JR. (BBO #535940)<br>Assistant U.S. Attorneys<br>One Courthouse Way, Ste. 9200<br>Boston, MA  02210<br>(617) 748-3100<br>david.lazarus2@usdoj.gov<br>nathaniel.yeager@usdoj.gov<br>fred.wyshak@usdoj.gov |

**Certificate of Compliance**

I certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

/s/ *David G. Lazarus*
David G. Lazarus
Assistant United States Attorney

Dated: December 5, 2018

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *David G. Lazarus*
David G. Lazarus
Dated: December 5, 2018           Assistant U.S. Attorney