# EXHIBIT 2



U.S. Department of Justice

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

August 1, 2018

Counsel for Michael Babich:

Joseph Sedwick Sollers, III
King & Spalding, LLP
1700 Pennsylvania Avenue, NW Suite 200
Washington, D.C. 20006

Counsel for Sunrise Lee:

Peter C. Horstmann
Law Offices of Peter Charles Horstmann
450 Lexington Street, Suite 101
Newton, MA 02466

Counsel for Richard Simon:

Steven Tyrrell
Weil, Gotshal & Manges LLP
1300 Eye Street NW, Suite 900
Washington, D.C. 20005-3314

Counsel for John Kapoor:

Beth A. Wilkinson
Alex Walsh
Wilkinson Walsh Eskovitz
2001 M Street NW
Washington DC 20036

Counsel for Alec Burlakoff:

George W. Vien
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street, Suite 1600
Boston, MA 02110

Counsel for Joseph Rowan:

Michael Kendall
White & Case LLP
75 State Street
Boston, MA 02109-1814

Counsel for Michael Gurry:

Tracy A. Miner
Demeo LLP
200 State Street
Boston, MA 02109

Re:   United States v. Michael Babich, *et al.*
      Criminal No. 16-10343-ADB

Dear Counsel:

We are writing to make the following expert disclosures for the upcoming trial of your clients. While not all of the below-described testimony is expert testimony, the government nevertheless makes the following disclosures pursuant to Federal Rule 16(a)(1)(G). In addition, please find enclosed a disk containing many of the documents discussed below. This letter, as well as the

materials enclosed, contain identifying material, and are therefore subject to the Protective Order entered by the Court on March 27, 2017.

### T.I.R.F - R.E.M.S. study

The government anticipates calling William Fleischman, MD, MHS, formerly a Medical Officer at the Centers for Medicare & Medicaid Services. Dr. Fleishman will testify regarding the results of a soon to be published study, entitled, "Effect of a Risk Evaluation and Mitigation Strategy Program on Transmucosal Fentanyl Prescribing: An Interrupted Time Series Study." Specifically, if called, Dr. Fleishman would discuss how prescribing data reveals two distinct periods: the 12-month period following implementation in 2012, during which prescribing remained depressed relative to pre-REMS, followed by a period of prescribing increases that return TIRF prescribing to near pre-REMS levels beginning mid-2013. Dr. Fleishman would testify that the subsequent return to baseline prescribing levels occurred despite a persistent decrease in the number of prescribers. Further, that the increase in prescribing coincided with a marked increase in filled prescriptions for Subsys, a fentanyl sublingual spray that became the most commonly prescribed TIRF during this period. Dr. Fleishman's C.V., draft manuscript, as well as data used for the study are enclosed.

### Epidemiology Study

The government anticipates calling Brandon Marshall, PhD. It is anticipated that Mr. Marshall will testify regarding findings documented in a research letter entitled, "Association of Pharmaceutical Industry Marketing of Opioid Products to Physicians With Subsequent Opioid Prescribing," published Online: May 14, 2018 doi:10.1001/jamainternmed.2018.1999. Mr. Marshall's C.V. and a copy of the research letter are enclosed. As the research letter indicates, the data used for the study are publicly available.

### C.S.A. Witness

The government anticipates calling Supervisory Special Agent Todd Prough of the Drug Enforcement Administration to testify regarding the duties and responsibilities of D.E.A. registrants when handling controlled substances, including the need to register with the D.E.A., the need to detect and report suspicious activity. Special Agent Prough is also expected to testify about the mechanics of D.E.A. registration and the reporting of suspicious activity. Special Agent Prough will also testify regarding the use of mail order pharmacies to sell controlled substances, direct-shipping and the use of third party logistic carriers to transport controlled substances. His qualifications and the substance of his anticipated testimony are further described in the attached C.V. and the transcript of his testimony provided to you in 28-day discovery.

### Financial Summary Witness

The government anticipates calling a forensic accountant, Bridget Horan, of the Federal Bureau of Investigation to testify concerning her analysis of bank statements, brokerage statements, revenue, prescription data, and other admissible records provided in discovery. Ms. Horan will not be testifying as an expert witness; instead, the government makes this disclosure as a courtesy. Using both chalks and summary charts admissible under FRE 1006, Ms. Horan will, among other analyses, testify about amounts of moneys paid to practitioners, moneys paid by insurers to Insys, as

well as revenues, profits, and shareholder distributions. Ms. Horan will also trace the disposition of funds from Insys to practitioners associated with the enterprise.

Pain Management Witnesses

The government anticipates calling at least one pain management expert. The government hereby gives notice of the witnesses it is prepared to call at trial:

Christopher Gilligan, MD, MBA, Brigham and Women's Hospital Pain Management Center Chestnut Hill, MA: It is anticipated that Dr. Gilligan will testify that in the course of treating patients for pain, physicians have a duty to (1) make a reasoned and informed diagnosis of the medical condition affecting each individual patient; and (2) formulate and implement an appropriate regimen of treatment for that individual based upon the diagnosis. This framework is not unique to the area of treating pain, but rather is used throughout the practice of medicine as the basic schema for the treatment of patients with any type of medical condition. If either of these two conditions are not met prior to the prescribing of controlled substances to a patient, the physician has violated the basic standard of care and is prescribing controlled substances outside the usual course of professional practice. It is also anticipated that, in addition to the initial diagnosis, a physician has an obligation to periodically review both the diagnosis and regimen of treatment (including the use of controlled substances) in order to ensure that they both remain appropriate for the particular circumstances of the specific patient. See Dr. Gilligan's C.V. enclosed.

Gilbert J. Fanciullo, M.D., MS., Emeritus Professor of Anesthesiology, Dartmouth Geisel School of Medicine, Hanover, NH: It is anticipated that Dr. Fanciullo will testify, consistent with the opinion of Dr. Gilligan, regarding the usual course of professional pain practice. In addition, it is also anticipated that Dr. Fanciullo will testify regarding his review and report, made on behalf of the New Hampshire Board of Medicine, regarding Physician Assistant Christopher Clough. See Dr. Fanciullo's C.V. enclosed as well materials provided by the New Hampshire Medical Board, some of which were previously disclosed.

Graves T. Owen, MD, Round Rock, Texas: It is anticipated that Dr. Owen will testify, consistent with the opinion of Dr. Gilligan, regarding the usual course of professional pain practice. In addition, it is also anticipated that Dr. Owen will testify regarding his review and report, made on behalf of the Texas Board of Medicine, regarding Judson Jeffrey Somerville, MD. See Dr. Owen's C.V. enclosed as well materials provided by the Texas Medical Board, some of which were previously disclosed.

J. Carlos Roman, MD, Russellville, AR. It is also anticipated that Dr. Roman will testify regarding his review and report, made on behalf of the State of Arkansas, regarding Mahmood Ahmad, MD. See materials provided by the Arkansas Medical Board enclosed, some of which were previously disclosed.

Brett R. Stacey, MD, Medical Director of the University of Washington's outpatient pain clinic, the Center for Pain Relief, Seattle, WA. It is also anticipated that Dr. Stacey will testify regarding his review and report, made on behalf of the State of Alaska, regarding Mahmood Ahmad, MD. See materials from the Alaska State Medical Board enclosed, some of which were previously disclosed.

Other Medical testimony

The government anticipates calling Gavin Awerbuch, MD and Heather Alfonso, APRN. It is anticipated that both will testify regarding their own medical practices, including the reasons for their medical decisions. Their qualifications, as well as previous testimony were provided to you in 28-day discovery.

Please call Assistant U.S. Attorney Nathaniel Yeager at (617) 748-3311 if you have any questions.

Very truly yours,

Andrew E. Lelling
United States Attorney

By: _____
K. Nathaniel Yeager
Assistant U.S. Attorney

Enclosures