# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL L. BABICH et al.,<br><br>Defendants. | )<br>)<br>)<br>)   Criminal No. 16-CR-10343-ADB<br>)<br>)<br>)<br>) |

## DEFENDANT JOSEPH A. ROWAN'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY BY BETH MCKEY ABOUT MR. ROWAN'S PHONE

Defendant Joseph Rowan moves that the Court prohibit the Government from presenting testimony from Beth McKey that it knows to be false.

On March 19, 2019, on cross-examination by Mr. Rowan's attorney, Alec Burlakoff testified as follows:

> Q. Do you remember that certain people had to turn in their cell phones so the company could produce copies to the government?
>
> A. Yes.
>
> Q. Okay. Do you remember you received a phone call from Joe Rowan in January of 2014?
>
> A. I believe so.
>
> Q. Okay. And he told you that his cell phone had gotten destroyed?
>
> A. Correct.
>
> …
>
> Q. Fair to say you never heard Rowan say he destroyed the phone, did you?
>
> A. I do not believe Joe Rowan destroyed the phone nor have I ever heard him say he destroyed the phone.

Trial Tr. 70:10-18 & 71:7-10, Mar. 19, 2019.

Mr. Burlakoff testified consistent with statements he had made to the government in the past, as documented by an FBI 302 report.

Despite Mr. Burlakoff's emphatic and unsurprising answer, the government now intends to elicit testimony from Beth McKey that Mr. Rowan told Mr. Burlakoff that he destroyed his phone intentionally. Specifically, according to the agent's notes, Ms. McKey informed the government on January 3, 2019 that

> In or about January or February of 2014, Burlakoff was conversing with MCKEY, Rowan and Hill at a speaker training event believed to be in Chandler, AZ. Burlakoff was discussing the cell phone subpoena that was received. According to MCKEY, Rowan said "You could be like me and throw your phone off the side of a mountain and get rid of it. MCKEY said, "Seriously?" and Rowan replied "Hell yeah." McKey 302 Report at 3, Jan. 3, 2019.

Ms. McKey also told the government that "everyone started laughing," when Rowan "stated that he threw away his phone while skiing to get rid of the evidence," and that "[f]rom that point on, Burlakoff didn't want anything in writing." McKey 302 Report at 9, Nov. 14, 2018. Ms. McKey's prior statements to the government leave no doubt that her expected testimony will directly contradict Mr. Burlakoff's testimony that he never heard Mr. Rowan state that he destroyed his phone. There is no factual scenario under which both Mr. Burlakoff's testimony and Ms. McKey's expected testimony could be true. In essence, the government intends to offer testimony that it knows to be false. The Court should not permit the government to offer through its witnesses diametrically opposed versions of the same events in the hopes that the jury chooses to believe the version that serves the government's allegations against Mr. Rowan. A criminal prosecution should not be a game of roulette.

- 3 -

For the foregoing reasons, the Court should grant Defendant Joseph A. Rowan's motion *in limine* to exclude testimony by Beth McKey regarding Mr. Rowan's phone.

Dated: March 27, 2019            Respectfully submitted,

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra Gliga (BBO# 694959)
alexandra.gliga@whitecase.com
White & Case, LLP
75 State Street
Boston, MA 02109

*Attorney for Joseph Rowan*

**CERTIFICATE OF SERVICE**

I, Michael Kendall, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on March 27, 2019.

/s/ Michael Kendall