UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal No. 16-10343-ADB |
| | ) |
| JOSEPH ROWAN | ) |
| | ) |
| Defendant. | ) |

ORDER ON DEFENDANT JOSEPH ROWAN'S
MOTION TO MODIFY CONDITIONS OF RELEASE[1]
[Docket No. 985]

November 19, 2019

Boal, M.J.

Defendant Joseph A. Rowan moves that the Court modify his bail and release the $100,000 currently held by the Clerk on a secured bond. Docket No. 985. For the following reasons, I deny the motion.

If the release of the defendant on personal recognizance or an unsecured appearance bond does not give sufficient assurance of his appearance or the community's safety, the judicial officer must consider whether other conditions, including the execution of a secured bond, will assure the defendant's appearance and the safety of the community. See 18 U.S.C. § 3142(a), (c)(1)(xi). At his initial appearance in the Northern District of Florida, U.S. Magistrate Judge Larry Bodiford determined that it was appropriate to, among other conditions, impose a $100,000 secured bond to assure Rowan's appearance. I subsequently denied Rowan's motion

---

[1] Judge Burroughs referred the motion to the undersigned on November 5, 2019. Docket No. 1017.

to modify the bond from secured to unsecured.  Docket No. 103.  However, I gave Rowan the opportunity to post other security to the satisfaction of the U.S. Attorney's Office and the U.S. Probation Office.  Id.  No such security was ever posted.

Rowan again moves to modify the bond from secured to unsecured.  The risk of flight is higher now that Rowan has been convicted.  In addition, there will likely be significant fines and restitution owed by Rowan, well in excess of $100,000, see Docket No. 986 at 1, and the government expects to make a motion to have the $100,000 bond applied to any such financial obligations.  See 28 U.S.C. § 2044 ("The Court shall not release any money deposited for bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship.").  Rowan has not made a showing that satisfies 28 U.S.C. § 2044.  Accordingly, for all of these reasons, I deny Rowan's motion.

  /s/  Jennifer C. Boal
JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE