UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 16-cr-10343-ADB |
| ) | |
| JOSEPH ROWAN, ) | |
| ) | |
| Defendant. ) | |

**<u>OPPOSITION TO DEFENDANT JOSEPH A. ROWAN'S MOTION TO COMPEL</u>**

The government respectfully opposes *Defendant Joseph A. Rowan's Motion to Compel Production of Brady Material* (Doc. 1085). For the reasons set forth below, Rowan's motion should be denied because the government has complied with its ethical and legal discovery obligations.

The government has consistently met and exceeded its ethical and legal discovery obligations in this case. In its *Motion for Reconsideration of Court's Order Granting in Part Defendant's Motion for Discovery*, the government informed this Court that it has taken a "liberal approach to seeking and disclosing potentially exculpatory information…." *See* Doc. 391 at 8. The government took a liberal view of its duty then and continues to do so now. The government provided sweeping discovery in this case, including early disclosure of *Jencks* materials and *voluntary* disclosure of agent notes. The government supplemented discovery as needed and has at all times maintained its ethical and legal obligations. Counsel for Dr. Kapoor, in fact, observed during one hearing on a discovery motion:

> I will say at the outset I've tried cases in this district and other districts. I am entirely appreciative of the discovery procedures that this district uses. I think…[the prosecution] ought to be commended for turning over as much as it has.

Doc. 369 at 25.

The government fully complied with all of its obligations and provided all interview reports, rough notes of reports, and other information such as the plea agreement and proffer letters for each witness called at trial, including Ms. Gurrieri. With regard to Ms. Gurrieri, the government's discovery included:

| Date produced | Description | Bates Beg |
|---|---|---|
| 2017.03.06 | Affidavit of FBI Special Agent Paul Baumrind | USAO-MA-0039034 |
| 2017.03.06 | Arrest Warrant | USAO-MA-0039047 |
| 2017.03.06 | Criminal Complaint | USAO-MA0039049 |
| 2017.03.06 | Report from 9/16/2016 to 10/13/2016 | USAO-MA-0035785 |
| 2017.06.29 | Report from November 26, 2016 interview | USAO-MA-0143488 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143269 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143314 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143349 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143381 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143423 |
| 2017.06.29 | Exhibits from November 26, 2016 interview | USAO-MA-0143460 |
| 2017.06.29 | November 26, 2016 Proffer Letter | USAO-MA-0143511 |
| 2017.06.29 | March 27, 2017 Cooperation Agreement | USAO-MA-0143515 |
| 2017.06.29 | March 27, 2017 Plea Agreement | USAO-MA-0143520 |
| 2017.07.27 | Report from November 26, 2016 interview | USAO-MA0149654 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149435 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149480 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149515 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149547 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149589 |
| 2017.07.27 | Exhibits from November 26, 2016 interview | USAO-MA-0149626 |
| 2017.07.27 | November 26, 2016 Proffer Letter | USAO-MA-0149769 |
| 2018.04.06 | Report from February 15, 2018 interview | USAO-MA-0873696 |
| 2018.04.27 | Agent Notes from November 26, 2016 interview | USAO-MA-0900369 |
| 2018.05.11 | Report from February 15, 2018 interview | USAO-MA-0901256 |
| 2018.05.11 | Exhibits from February 15, 2018 interview | USAO-MA-0901258 |
| 2018.05.11 | Exhibits from February 15, 2018 interview | USAO-MA-0901268 |
| 2018.05.11 | Agent notes from February 15, 2019 Interview | USAO-MA-0901176 |
| 2018.05.11 | Agent notes from February 15, 2019 Interview | USAO-MA-0901177 |
| 2018.12.04 | Report from November 2, 2018 interview | USAO-MA-1402269 |
| 2018.12.10 | Agent notes from November 2, 2018 interview | USAO-MA-1402499 |
| 2019.01.03 | Report from December 21, 2018 | USAO-MA-1415421 |
| 2019.01.03 | Agent notes from the December 21, 2018 interview | USAO-MA-1415444 |

*Jencks* and Rule 3500 material was not due until after any witness testified;[1] nevertheless, the government began to produce Ms. Gurrieri's reports as early as 2017.[2] If the government was aware of any exculpatory or *Brady* information in any form, it would have disclosed that information in a report, in agent notes, verbally, via email, or in some other form. Specifically, Rowan requests:

> Mr. Rowan respectfully requests that the Court order the government to produce the substance of any communications with Ms. Gurrieri or her attorneys, or any other witnesses and their attorneys related to or concerning Mr. Rowan's knowledge or culpability with respect to the mail or wire fraud predicates or the IRC.

Doc. 1085 at 6.

There is nothing new or surprising that the Defendant was accused of each of the types of racketeering activity, including those involving the IRC. Counsel also concedes that he knew that Ms. Gurrieri had listened to the recording of the National Sales Meeting prior to his cross-examination of the witness. Counsel crossed the witness and re-crossed the witness on a few very narrow issues but elected not to ask her about her specific knowledge of Rowan or the National Sales Meeting. *See* 03/01 Tr. 34-48 (cross-examination of Gurrieri by Rowan); 108-112 (re-cross-examination of Gurrieri by Rowan). The government withheld nothing. Notwithstanding

---

[1] Although an agent report of an interview is that agent's summary of the interview and is not necessarily a witness's own prior statement, the government provided such reports relating to its trial witnesses.

[2] The government objected to any Order compelling early disclosure of *Jencks* material but voluntarily provided early *Jencks*.

the unnecessary personal jabs lobbed in his motion to compel, counsel had all the information he was entitled to, and more.[3]  Thus, there is nothing to compel.

*Brady* and its progeny do not create a general right to criminal discovery.  *See Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case, and *Brady* did not create one.").  Rather, *Brady* obligates the government "to disclose evidence in its possession that is favorable to the accused and material to guilt or punishment."  *United States v. Prochilo*, 629 F.3d 264, 268 (1st Cir. 2011) (*Brady* request "cannot consist of mere speculation," and defendant "should be able to articulate with some specificity what evidence he hopes to find in the requested materials, why he thinks the materials contain this evidence, and finally, why this evidence would be both favorable to him and material").  Here, even if there was information to disclose, which there is not, the Court should also deny the request because Rowan has only raised speculative claims in support of his motion.  Rowan's belief that the government suspiciously did not ask certain questions or present its case in a certain fashion is his own speculation and does not rise to the level of specificity required for the Court to grant his motion – even if any such information existed (which it does not).

---

[3] This is not the first time Rowan has erroneously accused the government of withholding information in this case.  For example, on March 19, 2019, Day 37 of trial, counsel said certain information relating to the testimony of witness Aqsa Nawaz "isn't disclosed."  03/19 Tr. at 117.  The government informed the Court and counsel that the information had been disclosed and directed counsel to the relevant report.  To his credit, the following day, during arguments by Dr. Kapoor regarding the substance of that same information, Rowan's counsel acknowledged he **did** have the information:

> Government:  She was interviewed twice. We produced both of them twice --
> Rowan:            I have both interview reports. I don't dispute --
> Government:  Thank you, Mr. Kendall.

03/20 Tr. at 33.  Contrary to counsel's arguments now, the government has handled its discovery and ethical obligations carefully and erred, at all times, on the side of disclosure.

Finally, to the extent the Defendant is trying to re-litigate arguments this Court previously rejected in deciding his Rule 29 and 33 motions (Doc. 861 at 2-4), the government addressed those claims in its consolidated response to those motions. *See* Doc. 936 at 28-30; *see also Memorandum and Order on Defendants' Motions for Judgment of Acquittal and for a New Trial*, Doc. 1028 at 35-36 (denying motion and observing, in addition to the National Sales Meeting recording, "the jury could have found that the IRC's strategies for fraudulently gaining prior approval were well known among Insys sales representatives who provided opt-in forms to the IRC.").

WHEREFORE, the Court should deny the motion.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

Date:   January 3, 2020         By:    /s/ David G. Lazarus
                                       DAVID G. LAZARUS, BBO # 624907
                                       K. NATHANIEL YEAGER
                                       FRED M. WYSHAK, JR.
                                       Assistant United States Attorneys
                                       1 Courthouse Way, Suite 9200
                                       Boston, MA 02210
                                       Tel. No. (617) 748-3373
                                       Fax No. (617) 748-3972
                                       David.Lazarus2@usdoj.gov

**Certificate of Service**

I hereby certify that the foregoing was filed through the Electronic Case Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ David G. Lazarus
DAVID G. LAZARUS
Dated: January 3, 2020          Assistant U.S. Attorney