## THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

MICHAEL J. GURRY et al.,

Defendants.

Criminal No.:  16-CR-10343-ADB

## DEFENDANT JOSEPH A. ROWAN'S SECOND SUPPLEMENTAL SENTENCING MEMORANDUM

Defendant Joseph A. Rowan submits this short memorandum to:

a) share with the Court in advance certain documents relevant to Rowan's sentencing next week,

b) address the Court's preliminary ruling on certain sentencing enhancements at the January 13, 2020 hearing, and

c) inform the Court of certain relevant developments.

First, Rowan submits the following documents in advance of the sentencing:

1. A copy of Rowan's letter to Probation objecting to the government's obstruction of justice request related to Rowan's divorce. Ex. 1. Rowan understands that Probation has not forwarded this communication to the Court.

2. In its sentencing memorandum, the government claimed that it never received Rowan's phone that is the subject of the other obstruction of justice request by the government. Gov't Sentencing Mem. 7, ECF No. 1069. Rowan attaches two documents produced by the government that include correspondence between Rowan's former counsel and the

government as well as a transmittal letter from Deloitte to the government showing that the government received the phone at issue. Ex. 2.

Second, the Court has indicated at the January 13, 2020 hearing that it intends to enhance Rowan's sentencing guideline calculation by three levels under U.S.S.G. §3B1.1. Rowan respectfully disagrees with the application of this enhancement. Rowan has previously argued that, even in light of the conviction on the mail and wire fraud predicates, the trial evidence did not show that Rowan had more than a peripheral role in the IRC insurance fraud. Rowan has also highlighted that, despite his managerial role in the sales organization, the taped and testimony evidence did not show Rowan instructing his sales people to bribe doctors with speaker programs (and the evidence showed no knowledge of certain illegal acts in his territory, such as bribes to Heather Alfonso or Dr. Clough). The government may have presented 'a lot' of trial testimony about Rowan and speaker programs, but little of it was inculpatory and, where the evidence was inculpatory, it lacked credibility. For example, Oliver Gauthier's and Beth McKey's testimony connecting Rowan to speaker program bribery was so highly discredited that the Government did not argue it in closing or rebuttal. Were the Court to credit all inculpatory speaker program testimony against Rowan, it would still not suffice to warrant a three level "role in the offense" enhancement. Rowan's at most limited awareness of the IRC scheme acts as a bottleneck, such as whatever role Rowan played in his sales territory does not automatically translate into a supervisory or managerial role for the purpose of the insurance fraud scheme.

Third, Rowan's counsel understands that, in the Insys bankruptcy case, a to-be-appointed liquidating trustee will likely attempt to claw back up to $150,000 in legal fees paid by Insys for Rowan's criminal defense.  While there may be defenses to claw back, this underscores the

reasonableness of the request to use the 401k funds and bail money to pay a portion of Rowan's legal fees. *See* Mem. Attorneys Fees, ECF No. 1097.

JOSEPH A. ROWAN

By his counsel,

/s/ Michael Kendall
Michael Kendall (BBO# 544866)
michael.kendall@whitecase.com
Alexandra I. Gliga (BBO # 694959)
alexandra.gliga@whitecase.com
WHITE & CASE LLP
75 State Street
Boston, MA 02109-1814
Telephone: (617) 979-9300

## CERTIFICATE OF SERVICE

I hereby certify that, on the date appearing in the header of this page, this document is being filed through ECF system, which will deliver copies to all attorneys of record.

/s/ Michael Kendall
Michael Kendall