# EXHIBIT 1

December 19, 2019

*Via Email*

Ms. Iris Golus
Supervising U.S. Probation Officer
U.S. Probation and Pretrial Services Office
1 Courthouse Way, Suite 1200
Boston, Massachusetts 02210

        **Re:**    *United States v. Babich et al.*, No. 16-CR-10343-ADB

                **Response to December 5, 2019, DOJ Letter to Probation**

Dear Ms. Golus:

    We would like to take this opportunity to respond to DOJ's December 5, 2019, letter ("DOJ Letter"), in which the government alleged that Mr. Rowan committed obstruction of justice in relation to the divorce from his wife, Denise Rowan. The government asserts that discrepancies between the PSR estimate of net asset value and the asset value reported in Mr. Rowan's Objections to the PSR filed following the divorce, show that Mr. Rowan committed obstruction of justice. These discrepancies are the result of likely errors in the PSR, not of illegal conduct by Mr. Rowan. Moreover, the government's position rests on an utter misunderstanding of both the documents the government cites in its letter and of Mr. Rowan's Objections to the PSR, previously submitted on November 5, 2019.

    First, contrary to the government's assertion, Denise Rowan, not Joseph Rowan filed for divorce in October, 2019. *See* DOJ Letter, Attach., Final Judgment for Dissolution of Marriage, p. 1.

    Second, the difference in assets between the probation department's draft PSR and the corrected assets listed in Mr. Rowan's objections rests in large part on misunderstandings or errors in the PSR:

1. The initial listing of assets in the PSR was incorrect to begin with. Since Mr. Rowan filed his objections <u>after</u> the dissolution of his marriage, Mr. Rowan did not include in his objections an analysis of why and how the probation department's initial estimates would have been incorrect even absent the divorce. Mr. Rowan directly stated the correct values as contemplated by the divorce settlement and final judgment.[1]

---

[1] The government misrepresents Mr. Rowan's statements in the Objections to the PSR. Mr. Rowan did not state that the probation department's net worth analysis is incorrect after the dissolution of his marriage, as the government claims. DOJ Letter. Mr. Rowan simply stated that the Net Worth Analysis is "inaccurate and the information is incomplete." Rowan Objections to PSR, Obj. 66. Mr. Rowan instead stated that the Cash Flow Analysis is "no longer accurate after

2. The divorce settlement contemplated a change in ownership for the family home. As is common in divorce proceedings, particularly those involving minor children who will reside in the house with one of the parents, the judge and the parties agreed on awarding full ownership of the house to the parent with whom the children will reside – here the mother, Denise Rowan. The parent can only be the mother in this case, given Mr. Rowan's uncertain future. Mr. Rowan has not yet deeded his interest in the family home to Denise Rowan. Hence, in practice, nothing has yet changed with respect to the family home. Mr. Rowan has taken no steps to impede any order by the Court regarding this asset.
3. The divorce contemplated no shift in ownership interest from Mr. Rowan to Ms. Rowan for any other assets.
4. For the avoidance of any doubt, we note that there is a Merrill Lynch account that due to an oversight neither spouse listed among the assets they claimed during the divorce proceedings and Mr. Rowan did not include in the Objections to the PSR. Mr. Rowan believes this account was disclosed to the Probation Department in June 2019. This Merrill Lynch account holds approximately $11,000. The Merrill Lynch account was set up as a SEP Plan for Rowen (sic) & Associates (this is a paper supply company operating as Emerald Coast Supply). The PSR correctly reported that Mr. Rowan holds no ownership interest in this company, only Ms. Rowan does and has since 2016. PSR ¶ 197. Mr. Rowan transferred his ownership interest to Ms. Rowan around April 2016, before he was indicted in this case. Rowan Objections to PSR, Obj. 63. Upon additional research regarding the account, Mr. Rowan confirmed today that this account was opened on August 6, 2014. Two deposits were made in the account: one for $7077 and one for $4670. No money has been deposited or withdrawn from the account since 2014. It appears that this account was set up in 2014 to mitigate certain tax liability. Mr. Rowan also confirmed that the account is tied to Mr. Rowan's social security number (although Mr. Rowan holds no current ownership interest in Rowan & Associates). Based on this information, and since Ms. Rowan did not claim this account during the divorce, Ms. Rowan will not assert any interest in this account or request for it to be turned over to her. Hence, this account holding approximately $11,000 should have been reported as Mr. Rowan's asset in Mr. Rowan's Objections to the PSR and was most likely already included by the Probation Department in its PSR net asset value total.

In more granular detail, the following likely errors in the PSR explain the asset discrepancies – though we have no precise understanding of how the Probation Department arrived at the values reported in the PSR:

---

the dissolution of this marriage." *Id.*, Obj. 67. Regardless of whether the probation department's initial cash flow analysis was accurate or not, Mr. Rowan's assertion that the cash flow is no longer accurate after the divorce is an expected consequence of the fact that, following a divorce, the streams of income (and expenses) flowing from the former spouses are no longer joined, but separate.

The net worth estimate in the PSR overstates the asset value even before the divorce. *See* Rowan PSR ¶ 197. The PSR most likely double counted the value of the family home and that of the individual 401k accounts of the two spouses. [2]

First, the PSR reported as separate assets both the bank accounts holding the home insurance settlement proceeds following Hurricane Michael and the appraised value of the family home before its almost complete destruction during the storm. The house will regain the value as appraised prior to the storm only after using the home insurance settlement proceeds to cover the reconstruction and furnishing costs. [3]

Second, the PSR most likely double counted the value of the 401k accounts (once as bank account assets and once as securities assets). Neither Rowan nor his former wife hold any securities other than the contents of their respective 401ks. [4] Denise Rowan's 401k accounts are not relevant for any sentencing purpose. In any event, the PSR value assigned to Rowan's securities significantly overstates the value of his 401k. It is unclear how the Probation Department arrived at the PSR amount.

Third, the PSR improperly reported as family assets, bank accounts, 401k accounts and real estate assets held <u>solely</u> by Denise Rowan, Rowan's former wife, which are not subject to restitution.

Other than the family home, the PSR listed as real estate assets a number of properties, only some of them jointly held, whose net value (after mortgage) is negative. Following the divorce Ms. and Mr. Rowan received half of the ownership interest in each of these properties previously jointly held. *See* DOJ Letter, Attach., Settlement Agreement. Ms. Rowan retained the properties in which Mr. Rowan had no ownership interest prior to the divorce. *Id.*

The government also includes as evidence of obstruction of justice the fact that Mr. Rowan did not report his wife's income at the June 2019 meeting with the probation officer. At that time, Mr. Rowan disclosed that his wife worked as a lawyer, asked the probation officer to follow up with him if she needed any additional information, including his wife's income. Mr. Rowan sent another letter (attached here) with additional information to the Probation Department in August 2019 and reiterated his availability to provide more information if needed. In any event, the Probation Department had access to and was in fact provided Ms. Rowan's income from five consecutive past tax returns, 2013 to 2017 (2018 was not available in June

---

[2] Rowan paid legal fees for his criminal defense from one of the bank accounts over the summer. Rowan expects to liquidate his 401k accounts to cover part of his remaining criminal defense legal fee liabilities.

[3] Mr. Rowan reported the value of the family home as $779,820 in his Objections to the PSR, for consistency purposes, matching the appraised value reported by the Probation Department in the PSR. Given that the house is still under construction, its current actual value is speculative, but may be as low as half of what it was worth before the hurricane.

[4] Mr. Rowan may hold some Insys stock; the stock is likely worthless after the company went bankrupt.

2019). -- the PSR lists the Rowans' prior combined income for each year from 2015 to 2017. PSR ¶ 200.

      Lastly, the government's letter seems to suggest that Mr. Rowan and his counsel may have tactically cancelled a hearing to release the bail money in order to get the divorce going and obstruct justice. This is a reckless and unprofessional insinuation. At the post-trial motion hearing the government announced that it would oppose the release of the bail amount. Mr. Rowan's counsel postponed the hearing because, as discussed above, Mr. Rowan's asset estimates varied significantly from the probation's estimates in the PSR. Hence, Mr. Rowan's counsel required more time to prepare argument supporting Mr. Rowan's request for the bail amount, given that each party would be starting from such different estimates for the asset value.

      In sum, the government has not met its burden of proof with respect to the obstruction of justice enhancement. The government provides no evidence of liquidation of securities, or other assets; just wild speculations. It also exploits the unfortunate circumstances surrounding a divorce.

      We are happy to provide more information, should the probation department require it.

      Mr. Rowan reserves the right to object to any further information, objections, or comments that may be submitted by the government.

      Respectfully submitted,

      /s/ Michael Kendall
      Michael Kendall

      Counsel to Joseph A. Rowan

cc:    Counsel of Record (via Email)